

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 19, 1970

Dr. George J. Beto
Director
Texas Department of Corrections
Huntsville, Texas 77340

Dear Dr. Beto:

Opinion No. M- 651

Re: Whether the Texas Depart-
ment of Corrections may
qualify for a license to
operate a barber school
under Article 734a, V.P.C.

You have requested the opinion of this office concerning the above question. In connection with your request you have provided us with the following information:

"The Texas Department of Corrections is in the final stages of planning for the establishment of a Barber School on the Clemens Unit, located in Brazoria County, Texas. This school has been authorized by the Criminal Justice Council and funded under the provisions of the Omnibus Crime Bill.

"The Texas Department of Corrections, in order to comply with the above statute, has applied to the State Board of Barber Examiners for a permit to establish and operate a Barber School to train inmates as a part of the rehabilitation program.

"The Texas Department of Corrections has been advised that a permit will not be issued since the Texas Department of Corrections, a state agency, is not included in the following: (a) Any firm, corporation, partnership or person desiring to conduct or operate a Barber School shall first obtain a permit from the State Board of Barber Examiners.
. . .

"The Texas Department of Corrections will adhere to all provisions of the Law Governing the Practice of Barbering, and will submit to the State

-3120-

Board of Barber Examiners for prior approval all
plans and specifications.

"The Texas Department of Corrections respect-
fully requests an opinion from the Attorney General
regarding its application for a permit to establish
a Barber School."

Section 9(a), Article 734a, Vernon's Penal Code, pro-
vides, in part, as follows:

"Any firm, corporation, partnership or person
desiring to conduct or operate a barber school or
college in this State shall first obtain a permit
from the State Board of Barber Examiners after
demonstrating that said school or college has
first met the requirements of this Section. . . ."

From the all-encompassing description of entities per-
mitted to operate barber schools contained in the foregoing Sec-
tion 9(a), it is reasonable to conclude that the Legislature was
concerned with controlling the operation of such schools, rather
than limiting in any way the nature of the entity which owned
or managed the school. We would therefore appear to be required
to give a broad construction of the terms "firm, corporation,
partnership or person" as used in the Texas Barber Law.

In 81 C.J.S. 857, States, Section 1, we find the
following statement:

"While viewed in its aspect of a social unit
or of a governmental organization, a state has been
said to be a corporate body; strictly speaking, a
state is not a corporation within the meaning of
that term as used in various statutes. A State
has sometimes been referred to as a person, or has
been held to be included within the meaning of 'person';
but it has also been held that the State is not a 'person'
within the ordinary or legal definition of that word, and
that the term 'person' usually does not include the State."

From the foregoing statement, and citations made in support thereof,
it can be seen that there is a division of authority as to whether
the State, or a subdivision thereof, may properly be considered a
"person" within the meaning of a statute. In view of the clear
functions of public service which are incumbent upon both the
Texas Board of Barber Examiners and the Texas Department of

Corrections, we are extremely reluctant to adopt an interpretation of this particular statute that would have the effect of foreclosing a State agency from the performance of any aspect of its duty. For this reason, and for purposes of Article 734(a) only, it is the view of this office that the Texas Department of Corrections is a "person", and thus entitled to make application for a permit to conduct a barber school upon the premises of the Department of Corrections to receive a license and operate a school upon complying with the statutory requirements.

S U M M A R Y

The Texas Department of Corrections is authorized to make application for a permit to conduct a barber school under the provisions of Article 734(a), V.P.C., and to receive a license and operate a school, upon complying with the statutory requirements.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Fielding Early
Rex White
S. J. Aronson
Austin Bray

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant